IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : : : : |
| Plaintiff, | : Civil Case No. 09-676 : |
| v. | : Judge Jeffrey Cole : |
| PHILIP T. POWERS, FRANK I. REINSCHREIBER AND GLOBAL FINANCIAL MANAGEMENT, LLC | : : : : |
| Defendants, | : : |

**PLAINTIFF'S AGREED MOTION FOR ENTRY OF FINAL JUDGMENT
AGAINST DEFENDANTS FRANK I. REINSCHREIBER
AND GLOBAL FINANCIAL MANAGEMENT, LLC**

Plaintiff Securities and Exchange Commission moves, on an agreed basis, for the entry of a final judgment against defendants Frank I. Reinschreiber and Global Financial Management, LLC (together "Defendants"). In support of its motion, the SEC has attached Defendants' consent to the entry of the final judgment as Exhibit 1 to this motion, and has attached the proposed final judgment referenced in that consent as Exhibit 2 to this motion. The SEC respectfully requests that the Court enter the final judgment, and grant such other and further relief as the Court deems just and proper.

Dated: January 29, 2014					Respectfully submitted,

						**UNITED STATES SECURITIES AND
						EXCHANGE COMMISSION**

						/s/ Jonathan S. Polish
						By: One of its Attorneys

Jonathan S. Polish (Illinois Bar No. 6237890)
**SECURITIES AND EXCHANGE COMMISSION**
175 W. Jackson Blvd., Suite 900
Chicago, Illinois 60604
(312) 353-6884



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JASON B. MEYERS, INTERNATIONAL CAPITAL FINANCIAL RESOURCES, LLC, PHILIP T. POWERS, FRANK I. REINSCHREIBER , GLOBAL FINANCIAL MANAGEMENT, LLC, STEPHAN VON HASE, and CTA WORLDWIDE SERVICES, SA.<br><br>Defendants. | Case No. 09-CV-676<br>Magistrate Judge Cole |

CONSENT OF DEFENDANTS FRANK I. REINSCHREIBER AND
GLOBAL FINANCIAL MANAGEMENT, LLC

1. Defendants Frank I. Reinschreiber and Global Financial Management, LLC ("Defendants") waive service of a summons, acknowledge having been served with the Third Amended Complaint ("Complaint") in this action, enter general appearances, and admit the Court's jurisdiction over them and over the subject matter of this action.

2. Without admitting or denying the allegations of Count I of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendants hereby consent to the entry of the final judgment in the form

attached hereto (the "Final Judgment"") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Defendants from violations of Section 15(a) of the Exchange Act [15 U.S.C. § 77o(a)];

(b) orders Defendants to pay, jointly and severally, disgorgement in the amount of $78,348, plus prejudgment interest thereon in the amount of $1,623;

(c) orders Defendants to cooperate with the Plaintiff in order to cause the transfer into the Registry of the Court for distribution to the Plaintiff, of the funds in the accounts identified below in the name of Global Financial Management, LLC at the time of the asset freeze in this action (plus any additions thereto), which are funds to which Defendants claim no entitlement. Rather, according to Defendants, this sum represents investor funds that had been transferred to Defendants in their capacity as escrow agent at the time of the asset freeze entered in this matter. The subject accounts are:

| Bank | Account No. |
|---|---|
| Chase | *******3575 |
| Chase | ******4763 |
| Associated | ******2992 |
| Associated | ******3008 |
| Associated | ******3016 |
| Associated | ******3024 |

(d) orders Defendants to pay a civil penalty in the amount of $25,000 under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; and

(e) permanently bars Defendants from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

3. Defendants acknowledge that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants agree that they shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants agree that they shall, within 30

days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants, or either of them, by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4. Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendants further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

8. Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

10. Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts

underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the Complaint in this action.

12. Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendants' agreement to comply with the terms of Section 202.5(e), Defendants: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in Count I of the Complaint

or creating the impression that any such allegation is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendants do not admit the allegations of Count I of the Complaint, or that this Consent contains no admission of such allegations, without also stating that Defendants do not deny such allegations; and (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny such allegation in the Complaint. If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not prevailing parties in this action since the parties have reached a good faith settlement.

14. Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 9/24/13

FRANK I. REINSCHREIBER

On 09/24, 2013, FRANK I. REINSCHREIBER, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires:

"OFFICIAL SEAL"
MARINA O SIN-SIMON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES DECEMBER 10, 2013

GLOBAL FINANCIAL MANAGEMENT, LLC

By: 
Its: MANAGER
Frank I. Reinschreiber

On 09/24, 2013, FRANK I. REINSCHREIBER, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of GLBAL MANAGEMENT as its MANAGER.

Notary Public
Commission expires:

"OFFICIAL SEAL"
MARINA O SIN-SIMON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES DECEMBER 10, 2013

Approved as to form:

Peter B. Shaeffer
30 N. LaSalle Street, Suite 2140
Chicago, IL 60602
Attorney for Defendants

8



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                      Plaintiff,<br><br>              v.<br><br>JASON B. MEYERS, INTERNATIONAL CAPITAL FINANCIAL RESOURCES, LLC, PHILIP T. POWERS, FRANK I. REINSCHREIBER , GLOBAL FINANCIAL MANAGEMENT, LLC, STEPHAN VON HASE, and CTA WORLDWIDE SERVICES, SA.<br><br>                      Defendants. | Case No. 09-CV-676<br>Magistrate Judge Cole |

FINAL JUDGMENT AS TO DEFENDANTS FRANK I. REINSCHREIBER
AND GLOBAL FINANCIAL MANAGEMENT, LLC

Plaintiff United States Securities and Exchange Commission having filed a Third Amended Complaint ("Complaint") and Defendants Frank I. Reinschreiber and Global Financial Management, LLC (collectively "Defendants") having entered general appearances; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of Count I of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and their respective agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)], by, while engaging in business as a broker or dealer, making use of the mails or any instrumentality of interstate commerce to effect any transactions in, or to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless registered as a broker dealer in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)] or associated with a broker or dealer that is registered with the Commission in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five

dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $78,348, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,623, and a civil penalty in the amount of $25,000.00 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall cooperate with the Plaintiff in order to cause the transfer into the Registry of the Court for distribution to the Plaintiff, of the funds in the accounts identified in the Defendants' consent in the name of Global Financial Management, LLC at the time of the asset freeze in this action (plus any additions thereto), which are funds to which Defendants claim no entitlement. Rather, according to Defendants, this sum represents investor funds that had been transferred to them in their capacity as escrow agent at the time of the asset freeze entered in this matter.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall satisfy this obligation by paying the sums set forth in Section III and Section IV to the Registry of the Court within 28 days after entry of this Final Judgment. Defendants shall simultaneously transmit photocopies of evidence of payment to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such

compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants, or either of them, by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2014

                                                          _____

                                                          HONORABLE JEFFREY COLE
                                                          UNITED STATES MAGISTRATE JUDGE